PER CURIAM.
We are asked to review a judgment on the pleadings that construed flowage and storage easements over lands owned by Appellee. Because we determine that the easements are ambiguous in scope, we reverse and remand for further proceedings.
*901 The easements provided in pertinent part that Appellant’s predecessor, its successors and assigns, had the right to use Appellee’s property “for the purpose of the flowage and storage of water on said lands, in the accomplishment of the water control program of the grantee....” Pursuant to the easements, Appellant’s predecessor constructed structures on Appellee’s land to impound a natural tributary, creating a reservoir. As a result of a perceived dispute about Appellant’s proposed use of the easements, Appellant filed an action seeking a declaration that the easements provide it “with the property interest necessary to utilize the Reservoir for public water supply,” an apparent change in Appellant’s use of the easements.
At a hearing on cross-motions for judgment on the pleadings, both parties argued that the easements could be construed as a matter of law because they were unambiguous. Despite repeated expressions of concern by the trial judge that extrinsic evidence was needed to determine the scope of the easements, both parties persisted in urging the trial court to construe the easements as a matter of law. Nevertheless, both parties offered extrinsic facts during their arguments to assist the trial court in construing what they claimed to be facially unambiguous documents. Although we are sympathetic to the plight of the trial court under these circumstances, we conclude that the construction of the easements at this procedural juncture was error. The intended scope of these easements cannot be discerned from the face of the documents without resorting to extrinsic evidence.
On remand, the trial court shall determine how Appellant intends to use the easements. We emphasize that, although the parties at times discuss the use of the water, which both agree belongs to the public, it is the use of the land that is the relevant consideration. Insofar as the proposed use of the land is concerned, Appellant’s complaint is woefully vague.[1] Appellant cannot seek a declaration of its rights under the easements while keeping its intentions close to the vest. Once the intended use is determined, the trial court must consider any admissible extrinsic evidence to discern what the parties intended at the time the easements were granted. We specifically reject Appellant’s contention that these easements are “general and unlimited,” thereby permitting unrestricted use for any purpose.
If the material extrinsic evidence is not in dispute and is properly introduced in the record, the resolution of this case might not necessitate a trial. If some material facts are disputed, a trial may be conducted to resolve those disputed issues of fact.
REVERSED and REMANDED.
ORFINGER and JACOBUS, JJ., concur.
TORPY, J., concurs and concurs specially with opinion.

. Whether Appellant's complaint was too vague to state a cause of action is not an issue on appeal.